IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT LEE GRIFFIN,**<br><br>Petitioner,<br><br>v.<br><br>**JOEL D. MARTINEZ,**<br><br>Respondent. | Case No. 1:17-cv-01137-DAD-MJS (HC)<br><br>**ORDER TO SHOW CAUSE CONCERNING PETITIONER'S MOTION TO STAY**<br><br>**(ECF No. 9)**<br><br>**THIRTY-DAY RESPONSE DEADLINE** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a January 15, 2014 conviction from the Fresno County Superior Court on two counts of lewd and lascivious acts on a child and one count of sexual penetration of a child 10 years old or younger. (ECF No. 1.)

The petition presents the following three[1] claims for relief: (1) Petitioner's due process rights were violated when the state court admitted data and images seized from

---

[1] The form attached to the petition lists four claims for relief (ECF No. 1 at 8-22). However, the actual petition, including memorandum and points of law, identifies only three claims for relief (id. at 38-52). The third claim has two parts and perhaps explains Petitioner's reference to four claims.

1

Petitioner's computer and evidence of his prior misdemeanor conviction; (2) Petitioner's due process rights were violated when the state court allowed the jury to be instructed with CALCRIM No. 1193 (child sexual abuse accommodation syndrome ("CSAAS") expert testimony may be considered in evaluating credibility of alleged victims); and (3) Petitioner's right to present a complete defense and his due process rights were violated when the state court excluded evidence of victim's prior molestation.

Petitioner filed the instant habeas petition on August 23, 2017. (ECF No. 1.) On August 25, 2017, the Court ordered Respondent to file a response. (ECF No. 3.) On October 12, 2017, Petitioner filed a motion to stay the petition. (ECF No. 9.) In the motion, Petitioner argues that his case should be stayed pursuant to Rhines v. Weber, 544 U.S. 276 (2005) and 28 U.S.C. § 2254(e)(2)(A)(ii) because impeachment material he requested from his trial prosecutor three and a half years ago was only recently received. (ECF No. 9.) Neither the motion or reply briefs describe the content of the material or Petitioner's efforts to exhaust the state petition. (ECF Nos. 9; 14.)

Respondent opposes the motion, arguing Petitioner has not demonstrated good cause for a stay. He filed his habeas petition more than thirteen months before the statute of limitations would have required him to do so. Unable to explain why he "rushed" to file, he also is unable to show good cause for a stay now.

Concurrent with the opposition to the motion to stay, Respondent filed an answer to the petition. (ECF No. 10.) Petitioner did not file a traverse.

For the reasons outlined below, the Court orders Petitioner to show cause why the motion to stay should not be denied for failure to identify the unexhausted claims Petitioner wishes to pursue in state court. Petitioner shall respond to this Order within thirty days and describe the claims that he seeks to exhaust during the stay if it is granted.

**I.     Legal Standard**

There are two procedures available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief. Under the Rhines procedure,

a district court may stay a petitioner's "mixed petition" (containing both exhausted and unexhausted claims), while petitioner returns to state court to exhaust his unexhausted claims. Rhines v. Weber, 544 U.S. 269, 277-78 (2005); see also King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). A stay under Rhines is appropriate only when petitioner has demonstrated good cause for failing to previously exhaust his claims in state court, and is not available if the unexhausted claims are "plainly meritless," or petitioner has engaged in "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 277–78.

The Kelly procedure has been described by the Ninth Circuit Court of Appeals to involve the following three-step process:

> (1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d at 1135 (citing Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003)).

Importantly, "the Kelly procedure . . . is not premised upon a showing of good cause." King, 564 F.3d at 1140. However, "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely" under the Antiterrorism and Effective Death Penalty Act of 1996's (AEDPA) statute of limitations.[2] King, 564 at 1140–41. Thus, the Kelly procedure, in contrast to the Rhines procedure, does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred in federal court. King, 564 F.3d at 1140–41; see also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll AEDPA's statute of limitations). "[T]he

---

[2] AEDPA's limitation period is calculated from the "latest" of four commencement dates. See 28 U.S.C. § 2244(d)(1)(A) (date on which the judgment became final); § 2244(d)(1)(B) (date on which the illegal state-action impediment to filing was removed); § 2244(d)(1)(C) (date on which the asserted constitutional right was initially recognized by the U.S. Supreme Court and made retroactive to cases on collateral review); and § 2244(d)(1)(D) (date on which the factual predicate of the claim could have been discovered through due diligence).

Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." King, 564 F.3d at 1141.

If a newly exhausted claim is time-barred, it may be added in an amended petition only if it "relates back" to petitioner's original exhausted claims. However, a new claim does not "relate back" to the original petition simply because it arises from "the same trial, conviction, or sentence." Mayle v. Felix, 545 U.S. 644, 662-64 (2005). Rather, the new claim must be of the same "time and type" as the original exhausted claims, and share a "common core of operative facts" with those claims. Id. at 659.

The decisions in both Kelly and Rhines "are directed at solving the same problem—namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)." King, 564 F.3d at 1136.

**II. Discussion**

While the motion indicates that Petitioner seeks a stay pursuant to Rhines, the three claims raised in the Petition are exhausted. (See ECF No. 1 at 8-10.)[3] Because the instant petition is not a "mixed petition," Rhines is not applicable. King, 564 F.3d at 1140, 1143 ("Instead, a petitioner may invoke Kelly's three-step procedure subject only to the requirement that the amendment of any newly exhausted claims back into the petition must satisfy Mayle."). Furthermore, because Petitioner has not asserted his proposed new claims, the Court cannot determine if they are "plainly meritless," or if Petitioner has engaged in "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 277–78.

The district court has discretion to implement stay-and-abeyance under Kelly where the standard for a Rhines stay is not met. King, 564 F.3d at 1143. Under Kelly, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. King, 564 F.3d at 1135 (citing

---

[3] In the answer to the petition, Respondent effectively acknowledges that Petitioner exhausted his three claims in state court through the appeals process. (ECF No. 10 at 8 ("Petitioner's claims are exhausted only to the extent that he presented the same factual and legal bases for those claims in state court.").)

4

Kelly, 315 F.3d at 1070-71). The instant petition, asserting only exhausted claims, satisfies the first step under Kelly. As set forth above, the Court is not required to find good cause to proceed to the second step of Kelly, which would be to stay and hold this petition in abeyance while Petitioner exhausts his new claims in the state courts.

However, as with Petitioner's shortcomings concerning the Rhines standard, the Court finds the motion incomplete under Kelly as well. While Kelly does not require the Court to find "good cause," all motions filed in federal court must be filed in good faith. See Fed. R. Civ. P. 11. Petitioner not having set forth the unexhausted claims he seeks to pursue in state court, the Court cannot determine if this stay is being pursued in good faith. Furthermore, in establishing the Kelly stay, the Ninth Circuit emphasized "clear appropriateness of a stay when **valid claims** would otherwise be forfeited." Kelly, 315 F.3d at 1070 (emphasis supplied). Without a statement of the claims that Petitioner seeks to pursue and exhaust in state court, the Court cannot determine if the claims are valid, and thus, whether the stay would be appropriate.

### III.    Order to Show Cause

Accordingly, IT IS HEREBY ORDERED that Petitioner show cause why the motion to stay should not be denied for failure to include the unexhausted claims that Petitioner seeks to pursue in state court in the motion. A response to this Order shall include a list of the claims Petitioner seeks to pursue -- or is already pursuing -- in state court. A response to this Order, or a notice to withdraw the motion to stay is due within thirty days of the issuance of this Order. Petitioner is forewarned that failure to follow this Order may result in sanctions, including a recommendation that the motion to stay be denied. Local Rule 110.

IT IS SO ORDERED.

Dated:   January 9, 2018            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE