IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT LEE GRIFFIN,**<br><br>Petitioner,<br><br>v.<br><br>**JOEL D. MARTINEZ,**<br><br>Respondent. | Case No. 1:17-cv-01137-DAD-MJS (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT PETITIONER'S MOTION TO STAY**<br><br>**(ECF No. 9)**<br><br>**FOURTEEN-DAY OBJECTIONS DEADLINE** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a January 15, 2014 conviction from the Fresno County Superior Court on two counts of lewd and lascivious acts on a child and one count of sexual penetration of a child 10 years old or younger. (ECF No. 1.)

The petition presents the following three[1] claims for relief: (1) Petitioner's due process rights were violated when the state court admitted data and images seized from

---

[1] The form attached to the petition lists four claims for relief (ECF No. 1 at 8-22). However, the actual petition, including memorandum and points of law, identifies only three claims for relief (id. at 38-52). The third claim has two parts and perhaps explains Petitioner's reference to four claims.

1

1 Petitioner's computer and evidence of his prior misdemeanor conviction; (2) Petitioner's due process rights were violated when the state court allowed the jury to be instructed with CALCRIM No. 1193 (child sexual abuse accommodation syndrome ("CSAAS") expert testimony may be considered in evaluating credibility of alleged victims); and (3) Petitioner's right to present a complete defense and his due process rights were violated when the state court excluded evidence of victim's prior molestation.

Petitioner filed the instant habeas petition on August 23, 2017. (ECF No. 1.) On August 25, 2017, the Court ordered Respondent to file a response. (ECF No. 3.) On October 12, 2017, Petitioner filed a motion to stay the petition. (ECF No. 9.) In the motion, Petitioner argues that his case should be stayed pursuant to Rhines v. Weber, 544 U.S. 276 (2005) and 28 U.S.C. § 2254(e)(2)(A)(ii) because impeachment material he requested from his trial prosecutor three and a half years ago was only recently received. (ECF No. 9.) Neither the motion nor reply briefs describe the content of the material or Petitioner's efforts to exhaust the state petition. (ECF Nos. 9; 14.)

Respondent opposes the motion, arguing Petitioner has not demonstrated good cause for a stay. Plaintiff filed his habeas petition more than thirteen months before the statute of limitations would have required him to do so. Unable to explain why he "rushed" to file, he is also unable to show good cause for a stay now.

Concurrent with the opposition to the motion to stay, Respondent filed an answer to the petition. (ECF No. 10.) Petitioner did not file a traverse.

On January 10, 2018, the Court ordered Petitioner to show cause why the motion to stay should not be denied for failure to identify the unexhausted claims Petitioner wishes to pursue in state court. (ECF No. 15.) Petitioner was given thirty days to respond to the order to show cause. On February 5, 2018, Petitioner responded (ECF No. 16) and declared that he had filed the following four claims in Fresno County Superior Court: (1) That the state court should accept his habeas petition because he only just received documents he had been seeking for three years; (2) Defense counsel failed to investigate the prosecution's witnesses; (3) Defense counsel failed to impeach the

prosecution's witnesses with evidence of arrest records; and (4) Defense counsel failed to properly cross-examine the prosecution's witnesses for biasy7u. (Id.)

For the reasons outlined below, the Court recommends that a stay be granted.

**I.    Legal Standard**

There are two procedures available to federal habeas petitioners who wish to proceed with claims for relief. Under the Rhines procedure, a district court may stay a petitioner's "mixed petition" (containing both exhausted and unexhausted claims), while petitioner returns to state court to exhaust his unexhausted claims. Rhines v. Weber, 544 U.S. 269, 277-78 (2005); see also King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). A stay under Rhines is appropriate only when petitioner has demonstrated good cause for failing to previously exhaust his claims in state court, and is not available if the unexhausted claims are "plainly meritless," or petitioner has engaged in "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 277–78.   The Kelly procedure has been described by the Ninth Circuit Court of Appeals to involve the following three-step process:

> (1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d at 1135 (citing Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003)).

Importantly, "the Kelly procedure . . . is not premised upon a showing of good cause." King, 564 F.3d at 1140. However, "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely" under the Antiterrorism and Effective Death Penalty Act of 1996's (AEDPA) statute of limitations.[2]

---

[2] AEDPA's limitation period is calculated from the "latest" of four commencement dates. See 28 U.S.C. § 2244(d)(1)(A) (date on which the judgment became final); § 2244(d)(1)(B) (date on which the illegal state-action impediment to filing was removed); § 2244(d)(1)(C) (date on which the asserted constitutional right was initially recognized by the U.S. Supreme Court and made retroactive to cases on collateral review);
(continued…)

3

1  King, 564 at 1140–41. Thus, the Kelly procedure, in contrast to the Rhines procedure, does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred in federal court. King, 564 F.3d at 1140–41; see also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll AEDPA's statute of limitations). "[T]he Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." King, 564 F.3d at 1141.

If a newly exhausted claim is time-barred, it may be added in an amended petition only if it "relates back" to petitioner's original exhausted claims. However, a new claim does not "relate back" to the original petition simply because it arises from "the same trial, conviction, or sentence." Mayle v. Felix, 545 U.S. 644, 662-64 (2005). Rather, the new claim must be of the same "time and type" as the original exhausted claims, and share a "common core of operative facts" with those claims. Id. at 659.

The decisions in both Kelly and Rhines "are directed at solving the same problem—namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)." King, 564 F.3d at 1136.

**II.  Discussion**

While the motion indicates that Petitioner seeks a stay pursuant to Rhines, the three claims raised in the Petition are exhausted. (See ECF No. 1 at 8-10.)[3] Because the instant petition is not a "mixed petition," Rhines is not applicable. King, 564 F.3d at 1140, 1143 ("Instead, a petitioner may invoke Kelly's three-step procedure subject only to the requirement that the amendment of any newly exhausted claims back into the petition

---

(…continued)
and § 2244(d)(1)(D) (date on which the factual predicate of the claim could have been discovered through due diligence).

[3] In the answer to the petition, Respondent effectively acknowledges that Petitioner exhausted his existing three claims in state court. (ECF No. 10 at 8 ("Petitioner's claims are exhausted only to the extent that he presented the same factual and legal bases for those claims in state court."))

4

must satisfy Mayle.").

The district court has discretion to implement stay-and-abeyance under Kelly where the standard for a Rhines stay is not met. King, 564 F.3d at 1143. Under Kelly, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). The instant petition, asserting only exhausted claims, satisfies the first step under Kelly. As set forth above, the Court is not required to find good cause to proceed to the second step of Kelly, which would be to stay and hold this petition in abeyance while Petitioner exhausts his new claims in the state courts.

While Kelly does not require the Court to find "good cause," all motions filed in federal court must be filed in good faith. See Fed. R. Civ. P. 11. Because Petitioner did not set forth the proposed unexhausted claims in the initial motion, the Court could not determine if this stay is being pursued in good faith. Furthermore, in establishing the Kelly stay, the Ninth Circuit emphasized "clear appropriateness of a stay when **valid claims** would otherwise be forfeited." Kelly, 315 F.3d at 1070 (emphasis supplied). Without a statement of the claims to be pursued and exhausted in state court, the Court could not determine if the claims were valid, and thus, whether the stay would be appropriate.

Petitioner's response to the order to show cause resolved these issues. (ECF No. 16.) Plaintiff lists four claims that he seeks to pursue in state court. (Id.) While the first claim appears to just be a justification for why his petition should not be rejected as untimely (i.e., he received documents from the prosecutor more than three years after seeking them), the remaining claims appear to be potentially "valid" assertions of ineffective assistance of counsel. (Id.)

However, Petitioner is cautioned that "technical exhaustion" in the state courts does not guarantee federal review at the third step of the Kelly procedure. See Mayle, 545 U.S. at 659 (newly exhausted claim that is untimely under AEDPA may be added only if it "relates back" to the original exhausted claims); Duncan, 533 U.S. at 172-75

(AEDPA's statute of limitations is not tolled by the filing of federal habeas petition); King, 564 F.3d at 1140–41 (a newly exhausted claim may be added to a stayed federal petition if timely under ADEPA); see also Murray v. Schriro, 745 F.3d 984, 1015 (9th Cir. 2014) (a federal court is without jurisdiction to consider federal claims found by state courts to be procedurally barred).[4]

Therefore, while the Court will recommend granting petitioner's motion to stay and abey this action, it does not at this time reach the question of whether any of the new claims Petitioner intends to exhaust may later be presented in this federal habeas action by way of amendment. The Court will address that question when, and if, Petitioner seeks leave to present his newly exhausted claims to this Court in a further amended federal petition pursuant to the third step of the procedure authorized by the Ninth Circuit in Kelly.

For these reasons, the Court will recommend granting petitioner's motion to stay this federal habeas action pending petitioner's exhaustion of state court remedies on his unexhausted claims.

## III. Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

(1) Petitioner's motion for stay and abeyance (ECF No. 9) be GRANTED pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003);

(2) Petitioner be directed to file in this court, every ninety (90) days commencing with the filing date of the order adopting this recommendation, a status

---

[4] As a general rule, any claim found by the state courts to be procedurally defaulted will not be considered in this court:

> The doctrine of procedural default provides that "a federal court will not review the merits of claims, including constitutional claims, which a state court declined to hear because the prisoner failed to abide by a state procedural rule." Martinez v. Ryan, 566 U.S. 1 (2012). This doctrine is grounded in federalism, because federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 726-29 (1991).

Murray, 745 F.3d at 1015.

1 report that details Petitioner's progress in exhausting his unexhausted claims in the state courts;

(3) Petitioner be directed to file a motion to lift the stay within 30 days of the California Supreme Court issuing a final order resolving Petitioner's unexhausted claims; and

(4) Petitioner be directed to file an amended habeas petition containing all claims, including newly exhausted claims, with his motion to lift the stay.

The findings and recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with a copy, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: March 29, 2018         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE