UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE GRIFFIN,<br><br>        Petitioner,<br><br>    v.<br><br>JOEL D. MARTINEZ,<br><br>        Respondent. | Case No. 1:17-cv-01137-DAD-JDP<br><br>ORDER DISCHARGING FEBRARY 25, 2020 ORDER TO SHOW CAUSE<br><br>ECF No. 26<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>ECF No. 27<br><br>ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE AN AMENDED PETITION<br><br>ECF No. 28<br><br>ORDER DISMISSING PETITIONER'S MOTION FOR WAIVER OF FILING FEES<br><br>ECF No. 29<br><br>ORDER TO SHOW CAUSE WHY AMENDED PETITION SHOULD NOT BE DISMISSED AS UNTIMELY<br><br>ECF No. 30 |

Petitioner Robert Lee Griffin, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 30. On February 25, 2020, we ordered petitioner to show cause why his petition should not be dismissed for failure to prosecute and for failure to

1

comply with a court order. ECF No. 26.[1] On March 23, 2020, in the absence of a response from petitioner, we issued findings and recommendations to dismiss the petition. ECF No. 27. On March 30, 2020, petitioner filed objections to our findings and recommendations, a motion for leave to file an amended petition, a motion to waive filing fees, and a first amended petition. ECF Nos. 28, 29, 30.

**Discussion**

In his objections to our findings and recommendations, petitioner stated that he was unable to file a timely amended petition because his law library access has been restricted due to the COVID-19 virus. ECF No. 28. For good cause shown, we will discharge our order to show cause. ECF No. 26. Relatedly, we will vacate our findings and recommendations. ECF No. 27.

Petitioner requested leave to file an amended petition, ECF No. 28 at 2, and filed an amended petition, ECF No. 30. "A habeas petition 'may be amended or supplemented as provided in the rules of procedure applicable to civil actions.'" *Alfaro v. Johnson*, 862 F.3d 1176, 1183 (9th Cir. 2017) (quoting 28 U.S.C. § 2242). Because this is petitioner's first motion to amend and we grant leave to amend once as a matter of course, we grant petitioner's motion. *See* Fed. R. Civ. P. 15(a)(1). The amended petition will supersede the original petition and the original petition no longer serves any function. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).

On March 30, 2020, petitioner moved for a waiver of filing fees. ECF No. 29. The filing fee for a habeas corpus action is $5.00. *See* 28 U.S.C. § 1914. Petitioner paid his filing fee on August 23, 2017. No other filing fees are applicable in this case. Therefore, petitioner's motion is dismissed as moot.

Before us is petitioner's first amended petition for preliminary review. ECF No. 30. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must examine the habeas corpus petition and order a response to the petition unless it "plainly appears" that the petitioner is

---

[1] Petitioner was ordered to file an amended petition within 90 days of state-level exhaustion of his additional claims. ECF No. 19. Petitioner exhausted his state-level remedies on June 26, 2019. ECF No. 24. Because petitioner failed to file an amended petition within 90 days of exhaustion, we ordered petitioner to show cause why his petition should not be dismissed. ECF No. 26.

not entitled to relief. We will order petitioner to show cause why his amended petition should not be dismissed as untimely.

On June 25, 2018, we granted petitioner a stay of his petition under the *Kelly* procedure so that he could exhaust his state-level remedies and then return to federal court to file a fully exhausted amended petition. *See Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003); ECF No. 24. Petitioner has done so. ECF No. 30. However, we warned petitioner that any newly exhausted claims must be timely. *See King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009); ECF No. 17 at 3-4. Unlike filing an application for state habeas relief, filing a federal habeas claim does not toll AEDPA's statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001). To be timely, his claims must either (1) meet AEDPA's statute of limitations requirements, *see* 28 U.S.C. § 2244(d), or (2) "relate back" to claims contained in the original petition that were exhausted at the time of filing. *See King*, 564 F.3d at 1143; *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

Generally, federal habeas claims are timely when filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] Additionally, claims may be timely if they are subject to tolling. Statutory tolling applies to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. § 2244(d)(2). A petitioner can obtain equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Williams v. Filson*, 908 F.3d 546, 558 (9th Cir. 2018) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Here, petitioner was sentenced on February 13, 2014. ECF No. 30 at 55. The Court of Appeal affirmed his conviction on October 4, 2016 and the California Supreme Court denied

---

[2] Claims made within one year of the following events are also considered timely: the date on which the illegal state-action impediment to filing was removed, the date on which the asserted constitutional right was initially recognized by the U.S. Supreme Court and made retroactive to cases on collateral review, or the date on which the factual predicate of the claim could have been discovered through due diligence. *Id.* §§ 2244(d)(1)(B)-(D).

1 review on July 12, 2017.  ECF No. 10 at 7.  Therefore, the date of the expiration of the time for

2 seeking direct review was October 10, 2017.[3]  Barring any statutory or equitable tolling, the

3 federal statute of limitations expired one year later, on October 10, 2018.  Petitioner filed his

4 original federal habeas petition on August 23, 2017, well before the expiration of the statute of

5 limitations.  ECF No. 1; ECF No. 10 at 7.  Therefore, it appears that the original petition was

6 timely when filed—however, this filing did not toll AEDPA's statute of limitations.  *See Duncan*,

7 533 U.S. at 181.

8       On June 25, 2018, we granted petitioner a stay so he could exhaust his additional claims at

9 the state level.  On November 7, 2018, one month after the ostensible expiration of AEDPA's

10 statute of limitations, petitioner sought habeas review of his unexhausted claims before the

11 California Supreme Court.  The Court summarily denied review on June 26, 2019.  On March 30,

12 2020, over ten months later, petitioner filed his amended federal petition.  Because this amended

13 petition was filed over a year after the expiration of time for seeking direct review of his

14 conviction, it appears that the amended petition is untimely.[4]

15       However, even if petitioner cannot show that his amended petition meets the statute of

16 limitations, his amended petition will be deemed timely if he can demonstrate that the claims in

17 his amended petition "relate back" to the claims in his original petition.  *See King*, 564 F.3d at

18 1143; *Mayle*, 545 U.S. at 664.  In his original petition, he claimed that the following trial court

19 actions violated his constitutional rights: (1) admission of evidence of petitioner's prior

20 misdemeanor conviction and images found on his computer; (2) failure to give the jury a limiting

21 instruction related to the "fresh complaint" doctrine; (3) wrongful instruction on child sexual

22 abuse accommodation syndrome; and (4) exclusion of evidence related to a victim's prior,

23 unrelated instances of abuse.  ECF No. 1 at 3.  In his amended petition, he now includes the

---

[3] For AEDPA purposes, "direct review" includes the ninety-day period in which the appellant may petition for a writ of certiorari from the United States Supreme Court.  *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

[4] However, it appears that petitioner may seek to claim equitable tolling based on the death of his appellate counsel and ensuing difficulty receiving his case file after her death.  *See* ECF 30 at 39-40.  To benefit from equitable tolling, petitioner must show that he meets the requirements of *Holland v. Florida*, 560 U.S. 631, 649 (2010).

4

following newly exhausted claims that his trial counsel was ineffective when he: (1) failed to investigate the state's witnesses for impeachment evidence; (2) failed to investigate state witnesses' prior bad acts; and (3) failed to obtain the arrest records of state witnesses.[5] ECF No. 30 at 41-48.

A claim that simply arises from "the same trial, conviction, or sentence" does not necessarily relate back to the initial claims. *See Mayle*, 545 at U.S. 659. To "relate back," the new claim must share a "common core of operative facts" with the claims in the pending petition. *Id*. "An amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at 650. Therefore, petitioner must show how his four claims of trial court error share a common core of operative facts with his three claims of ineffective assistance of counsel. Because the actions taken by the trial court likely do not share core facts with the actions of his trial counsel, petitioner may have difficulty showing how his new claims relate back. *See Schneider v. McDaniel,* 674 F.3d 1144, 1151 (9th Cir. 2012) (Petitioner's claims did not relate back where "original theory was based on trial counsel's alleged failures . . . [and] his amended theory [was] based on the trial court's alleged errors" because the "core facts underlying the second theory are different in type from the core facts underlying the first theory.").

Therefore, we will order petitioner to show that either: (1) his amended petition is timely considering AEDPA's statute of limitations and related grounds for tolling, or (2) his new claims relate back to his original claims. If petitioner is unable to make either showing, his amended petition may be dismissed as untimely.

**Order**

1. The February 25, 2020 order to show cause is discharged. ECF No. 26.

2. The March 23, 2020 findings and recommendations are vacated. ECF No. 27.

---

[5] Relatedly, we assume that petitioner was aware of his trial counsel's shortcomings during his trial. If so, petitioner could have made his ineffective assistance of counsel claims in his direct appeal of his conviction, leading to a fully exhausted and timely federal petition. To the extent petitioner claims he was unable to exhaust his ineffective assistance of counsel claims in a timely manner, he must explain any impediments he faced in his response to this order.

3. Petitioner's motion for leave to file an amended petition is granted. ECF No. 28.

4. Petitioner's motion for waiver of filing fees is dismissed as moot. ECF No. 29.

5. Within thirty days of the date of this order, petitioner is ordered to show cause why his amended petition should not be dismissed as untimely. ECF No. 30.

IT IS SO ORDERED.

Dated: __April 16, 2020__          _____
                                    UNITED STATES MAGISTRATE JUDGE

No. 206.