UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE GRIFFIN, | Case No. 1:17-cv-01137-DAD-JDP |
| Petitioner, | INFORMATIONAL ORDER |
| v. | ECF No. 32 |
| JOEL D. MARTINEZ, | ORDER EXTENDING THE DEADLINE TO SHOW CAUSE |
| Respondent. | ECF No. 31 |
| | RESPONSE DUE IN THIRTY DAYS |

Petitioner Robert Lee Griffin, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 30. On April 17, 2020, we issued an order to show cause why the amended petition should not be dismissed as untimely. ECF No. 31. In his response to our order to show cause, petitioner stated that he misunderstood the habeas requirements for timely filing. ECF No. 32. Accordingly, we provide petitioner with the following information and extend the deadline for him to show cause why his amended petition should not be dismissed as untimely.

**Discussion**

On June 25, 2018, we granted petitioner a stay of his petition under the *Kelly* procedure so that he could exhaust his state-level remedies and then return to federal court to file a fully exhausted amended petition. *See Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003); ECF

No. 24.  Petitioner did so.  ECF No. 30.  However, in our findings and recommendations to grant petitioner a stay, we warned petitioner that any newly-exhausted claims must be timely.  *See King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009); ECF No. 17 at 3-4.  Unlike filing an application for state habeas relief, filing a federal habeas claim does not toll AEDPA's statute of limitations.  *See Duncan v. Walker*, 533 U.S. 167, 181 (2001).  To be timely, petitioner's claims must either (1) meet AEDPA's statute of limitations requirements, *see* 28 U.S.C. § 2244(d), or (2) "relate back" to claims contained in the original petition that were exhausted at the time of filing.  *See King*, 564 F.3d at 1143; *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

In our order to show cause, we informed petitioner that his petition appeared untimely.  ECF No. 31.  Therefore, we ordered petitioner to show that either his amended petition meets AEDPA's statute of limitations or that his new claims "relate back" to his original claims.  *Id.* at 5.  Petitioner made no arguments in support of either of these requirements in his response to our order to show cause.  Instead, petitioner stated that he mistakenly believed that our grant of a stay under *Kelly* tolled the federal habeas statute of limitations for his new claims while he exhausted those claims.  ECF No. 32 at 1.  On the contrary, a stay under *Kelly* "does nothing to protect a petitioner's unexhausted claims from untimeliness."  *King*, 564 F.3d at 1141.

For petitioner to proceed with all his claims in his amended petition, he must either show that his amended petition meets AEDPA's statute of limitations or that his new claims relate back to his original claims.  Although it appears that the petition cannot be made timely through statutory tolling, petitioner may be entitled to equitable tolling if he can show that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Williams v. Filson*, 908 F.3d 546, 558 (9th Cir. 2018) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  Petitioner may also argue that his new claims relate back to his old claims because they share a "common core of operative facts."  *See Mayle*, 545 at U.S. 659.  As we previously noted, petitioner may have difficulty meeting either of these requirements.  ECF No. 31 at 5.

Alternatively, petitioner may elect to proceed with his original petition, which contains his four claims of trial court error only.  ECF No. 1 at 3.  In doing so, petitioner will preserve his

opportunity to seek relief on at least some of his claims.  He will also lose the opportunity to proceed with his ineffective assistance of counsel claims.  However, considering that petitioner may neither be able to show that his amended petition meets the statute of limitations, nor that his new claims relate back to his old claims, proceeding with his original petition may be petitioner's only opportunity to seek habeas relief in any form.

**Order**

    Petitioner shall have an additional thirty days to respond to the order to show cause why his amended petition should not be dismissed as untimely. ECF No. 31.  Petitioner may respond with: (1) arguments showing how his amended petition meets the statute of limitations; (2) arguments showing that his new claims relate back to his old claims; or (3) a notification that he wishes to proceed with his original petition only.

IT IS SO ORDERED.

Dated:   April 29, 2020                                     _____
                                                                                      UNITED STATES MAGISTRATE JUDGE

No. 206.