UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE GRIFFIN,<br><br>        Petitioner,<br><br>    v.<br><br>JOEL D. MARTINEZ,<br><br>        Respondent. | Case No.  1:17-cv-01137-DAD-JDP<br><br>ORDER DISCHARGING APRIL 17, 2020 ORDER TO SHOW CAUSE<br><br>ECF No. 31<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITIONER'S UNEXHAUSTED CLAIMS<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>ECF No. 36<br><br>ORDER DENYING MISCELLANEOUS MOTIONS FOR RELIEF AND DIRECTING THE CLERK'S OFFICE TO SEND PETITIONER A COPY OF HIS AMENDED PETITION<br><br>ECF No. 36 |

Petitioner Robert Lee Griffin, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 30. Before us now are petitioner's amended petition, ECF No. 30, and miscellaneous motions for relief, ECF No. 36.

1

**I.     Background**

In his original petition, petitioner claimed that the trial court violated his constitutional rights when it: (1) admitted evidence of petitioner's prior misdemeanor conviction and images found on his computer; (2) failed to give the jury a limiting instruction related to the "fresh complaint" doctrine; (3) gave an erroneous instruction on child sexual abuse accommodation syndrome; and (4) erroneously excluded evidence related to a victim's prior, unrelated instances of abuse. ECF No. 1 at 3. On June 25, 2018, we granted petitioner a stay of his petition under the *Kelly* procedure so that he could exhaust his state-level remedies and then return to federal court to file a fully exhausted amended petition. *See Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003); ECF No. 24. Petitioner has done so. ECF No. 30. In the amended petition, he additionally claims that his trial counsel was ineffective for failure to: (1) investigate the state's witnesses for impeachment evidence; (2) investigate the state's witnesses' prior bad acts; and (3) obtain the arrest records of the state's witnesses. ECF No. 30 at 41-48.

On April 17, 2020, we issued an order to show cause why the amended petition should not be dismissed as untimely. ECF No. 31. Petitioner responded to our order to show cause. ECF No. 36. Accordingly, we will discharge our order to show cause and screen the amended petition.

**II.    Discussion**

    **a.  Amended Petition**

Although we granted petitioner leave to exhaust his additional claims, we warned petitioner that under *Kelly* any newly exhausted claims in his amended petition must be timely. *See King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009); ECF No. 17 at 3-4. To be timely, his new claims must either (1) meet AEDPA's statute of limitations requirements, *see* 28 U.S.C. § 2244(d), or (2) "relate back" to claims contained in the original petition that were exhausted at the time of filing. *See King*, 564 F.3d at 1143; *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

Petitioner has failed to demonstrate that his amended petition meets AEDPA's statute of limitations. *See* ECF No. 31 at 3-4. Petitioner states that he was unable to exhaust his ineffective assistance of counsel claims in a timely manner because the documents necessary to support his claims were not provided to him by his trial counsel until sometime after his trial. ECF No. 36

at 1. However, all of petitioner's ineffective assistance of counsel claims dispute actions taken by his counsel during his trial—actions that would have been apparent to petitioner during the trial. *See* ECF No. 31 at 5. Petitioner has failed to show how the delay in receipt of certain documents prevented him from timely exhausting his claims.

Moreover, petitioner has failed to demonstrate that his new claims of ineffective assistance of counsel relate back to his original claims of trial court error. Under *Kelly*, a claim that simply arises from "the same trial, conviction, or sentence" does not necessarily relate back to the initial claims. *See Mayle*, 545 at U.S. 659. To relate back, the new claim must share a "common core of operative facts" with the claims in the pending petition. *Id*. "An amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at 650. Here, petitioner has not shown that the actions taken by the trial court share a common core of operative facts with the actions of his trial counsel. *See Schneider v. McDaniel,* 674 F.3d 1144, 1151 (9th Cir. 2012) (finding that petitioner's claims did not relate back where "original theory was based on trial counsel's alleged failures . . . [and] his amended theory [was] based on the trial court's alleged errors" because the "core facts underlying the second theory are different in type from the core facts underlying the first theory"). Therefore, we recommend that petitioner's ineffective assistance of counsel claims be dismissed as unexhausted, allowing him to proceed with his exhausted claims only.[1]

### b. Leave to Seek Relief before the Ninth Circuit

Petitioner requests time to seek leave from the Ninth Circuit Court of Appeals to state his new claims of ineffective assistance of counsel in a second or successive petition. ECF No. 36 at 2. Petitioner's request for additional time to file such a motion is inapposite. Petitioner need not seek leave from this court to file such a motion in the Ninth Circuit.[2] To the extent petitioner

---

[1] We also note that petitioner requested to proceed with his exhausted claims if his claims of ineffective assistance of counsel claims are deemed unexhausted by this court. ECF No. 36 at 2.
[2] We note that petitioner may have difficulty obtaining leave from the Ninth Circuit to file a second or successive petition. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Because petitioner has already presented his ineffective assistance of

seeks some form of tolling in this case while he seeks relief from the Ninth Circuit, AEDPA neither contemplates any such tolling, nor would such tolling assist petitioner. Accordingly, we deny petitioner's request.

### c. Return of Amended Petition

Petitioner seeks the return of his amended petition filed with this court. ECF No. 36 at 2-3. Petitioner states that he was unable to make a copy of his documents before filing them due to his prison's COVID-19 restrictions. *Id.* In light of these extenuating circumstances, we will direct the clerk's office to make a copy of his amended petition and all related exhibits, ECF No. 30, and mail that copy to petitioner.

### d. Evidentiary Hearing

Petitioner seeks an evidentiary hearing. ECF No. 36 at 3. A habeas petitioner seeking an evidentiary hearing must show that he "was not at fault in failing to develop [the] evidence in state court, or (if he was at fault) [that he meets] the conditions prescribed by § 2254(e)(2)." *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004). Under Section 2254(e)(2), the court shall not hold an evidentiary hearing unless the petitioner shows that "(A) the claim relies on (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(A-B). Petitioner's stated reason for seeking an evidentiary hearing—to

---

counsel claims here, they will be subject to dismissal in a second or successive petition. If petitioner wishes to state a new claim in a second or successive petition, he must show that the "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* at § 2244(b)(2).

determine the veracity of the facts he set forth in his response to our order to show cause—does not meet the standard of § 2254(e)(2).  Therefore, we will deny his request.

### III.    Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, petitioner has not made a substantial showing of the denial of a constitutional right.  Thus, we recommend that the court not issue a certificate of appealability.

### IV.    Findings and Recommendations

We recommend that the court dismiss petitioner's claims of ineffective assistance of counsel as unexhausted, ECF No. 30, and decline to issue a certificate of appealability.  These findings and recommendations are submitted to the U.S. District Court judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be

captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

### V. Order

1. The April 17, 2020 order to show cause is discharged. ECF No. 31.
2. Petitioner's motion for time to seek relief from the Ninth Circuit is denied. ECF No. 36 at 2.
3. Petitioner's motion for return of his amended petition is granted. ECF No. 36 at 2-3. The clerk's office is directed to make a copy of the amended petition, ECF No. 30, and mail the copy to petitioner.
4. Petitioner's motion for an evidentiary hearing is denied. ECF No. 36 at 3.

IT IS SO ORDERED.

Dated:   August 3, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.