1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   ROBERT LEE GRIFFIN,                     No.  1:17-cv-01137-DAD-HBK

12              Petitioner,

13        v.                                 ORDER ADOPTING FINDINGS AND
                                             RECOMMENDATIONS
14   JOEL D. MARTINEZ, Warden,
                                             (Doc. No. 37)
15              Respondent.

16

17        Petitioner Robert Lee Griffin is a state prisoner proceeding *pro se* and *in forma pauperis*

18   with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred

19   to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20        On August 23, 2017, petitioner's application for a federal writ for habeas corpus was filed

21   with this court.  (Doc. No. 1.)  This original petition contained four[1] timely and exhausted claims

22   which alleged errors by the trial court.  (*Id.*)  On October 12, 2017, petitioner moved to stay and

23   hold this federal habeas action in abeyance so he could seek to exhaust additional, newly-

24   discovered claims in state court.  (Doc. No. 9.)  On March 29, 2018 findings and

25   ─────────────────────
26   [1]  At different times throughout the pendency of this action, the court has described the number of
     claims asserted in the original as either three or four.  Because the manner in which petitioner
     listed his claims varied within the petition itself, there are more than four claims if each alleged
27   evidentiary error is construed as a separate claim.  The court's ruling is meant to cover all those
     claims asserted by petitioner in his original petition, and the reference to a particular number is
28   not intended to suggest any limitation on the claims included in the original petition.

                                            1

1    recommendations were issued by the assigned magistrate judge recommending that a stay and

2    abeyance be granted under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) rather than under *Rhines*

3    *v. Weber*, 544 U.S. 269 (2005) because the federal petition filed with this court contained only

4    exhausted claims.  (Doc. No. 17 at 3-5.)  On June 25, 2018, a stay was granted pursuant to *Kelly*

5    *v. Small*, pending petitioner's exhaustion of his unexhausted claims in state court. (Doc. No. 19.)

6    Petitioner was specifically advised at that time that the *Kelly* stay would allow him to amend his

7    presently-unexhausted claims into his pending federal petition after exhaustion in state court **only**

8    **if the he timely moved to amend his federal petition within the statute of limitations** set by

9    the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  (Doc. No. 17 at 3–4)

10    (emphasis added).  Petitioner was also ordered to file status reports with the court every ninety

11    days, describing the status of his exhaustion petition in the state court system.  (Doc. No. 19 at 2.)

12    Finally, petitioner was ordered to file an amended federal petition containing all of his claims for

13    habeas relief, including any newly-exhausted claims, along with a motion to lift the stay within

14    thirty days of the California Supreme Court's issuance of a final order on the exhaustion petition

15    he intended to file in state court.  (*Id.*)

16       After status report filing deadlines were missed by petitioner in 2019, an order directing

17    him to file the required status reports was entered on October 30, 2019.  (Doc. No. 23.)  In

18    response, in a letter dated November 9, 2019 and received by the court November 15, 2019,

19    petitioner advised the court that he had exhausted his unexhausted claims in state court "as of

20    June 2019" and that he was "putting together" his amended federal petition.  (Doc. No. 24.)

21    When nothing was received by the court from petitioner, an order requiring petitioner to show

22    cause why this federal habeas action should not be dismissed due to his failure to prosecute was

23    issued on February 25, 2020.  (Doc. No. 26.)  Thereafter, on March 30, 2020, petitioner finally

24    filed an amended federal petition containing the original four exhausted claims in which he

25    alleged trial court error and three later-exhausted claims in which he alleged he had received

26    ineffective assistance of counsel.  (Doc. No. 30.)  On April 17, 2020, the assigned magistrate

27    judge issued another order requiring petitioner to show cause as to why his three ineffective

28    assistance of counsel claims should not be dismissed as untimely and directing petitioner to

1  demonstrate the timeliness of those claims.  (Doc. No. 31.)  Petitioner submitted three responses

2  to the order to show cause providing reasons for his delay.  (Doc. Nos. 32, 34, 36.)  Petitioner

3  requested that in the event his ineffective assistance of counsel claims were found by the court to

4  be untimely, he wished to proceed with his petition bringing only the four timely claims of trial

5  court error.  (Doc. Nos. 34 at 1, 36 at 2.)

6         The assigned magistrate judge concluded that none of the explanation offered by

7  petitioner rendered the subsequently exhausted and newly alleged ineffective assistance of

8  counsel claims timely under AEDPA.[2]  (Doc. No. 37.)  Accordingly, on August 3, 2020, findings

9  and recommendations were issued recommending that petitioner's three ineffective assistance of

10  counsel claims be dismissed as untimely and recommending this action proceed only on

11  petitioner's four timely claims of trial court error which were asserted in his original petition.

12  (Doc. No. 37).  Those findings and recommendations were served on plaintiff by mail and

13  contained notice that any objections thereto were to be filed within thirty (30) days of service of

14  the findings and recommendations.  (*Id.* at 5–6.)  To date, no objections to the pending findings

15  and recommendations have been filed, and the time in which to do so has now passed.

16         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

17  court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file,

18  /////

19  /////

20  /////

21  /////

22  /////

23  /////

24  /////

25  /////

26

27  [2]  The findings and recommendations contain references suggesting that petitioner's new claims be dismissed as "unexhausted" (Doc. No. 37 at 1, 3, 5) but the undersigned understands that the magistrate judge's intended description of the newly asserted ineffective assistance of counsel

28  claims was instead  "untimely."

1    including petitioner's objections, the court finds the findings and recommendations to be

2    supported by the record and proper analysis.[3]

3         Having determined that petitioner is not entitled to habeas relief, the court now turns to

4    whether a certificate of appealability should issue.  The federal rules governing habeas cases

5    brought by state prisoners require a district court to either issue or deny a certificate of

6    appealability when entering an order denying a habeas petition.  *See* Rules Governing § 2254

7    Case, Rule 11(a).  "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement

8    to appeal a district court's denial of his petition," and an appeal is only allowed in certain

9    circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see also* 28 U.S.C.

10    § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of

11    appealability).  A judge shall grant a certificate of appealability "only if the applicant has made a

12    substantial showing of the denial of a constitutional right" 28 U.S.C. § 2253(c)(2), and the

13    certificate must indicate which issues satisfy this standard, 28 U.S.C. § 2253(c)(3).  Here,

14    petitioner has not made such a showing because he has not been able to demonstrate that any

15

16    [3]  The March 29, 2018 findings and recommendations recommending the granting of a stay under
17    *Kelly* touched on the distinction between, and the requirements for, stays issued under *Kelly* and
       *Rhines*.  (Doc. No. 17 at 3-6.)  In retrospect, petitioner may have conceivably benefited from a
18    more detailed or direct description of the pros and cons between the two procedures and the
       requirements for pursuing each.  *See Thompson v. Baughman*, No. 2:17-cv-0996 KJM AC P,
19    2017 WL 4699832, at *2 (E.D. Cal. Oct. 19, 2017) ("Overall, a *Rhines* stay is much harder to get
       but preserves the federal filing date of the previously unexhausted claims for purposes of the
20    statute of limitations.  A *Kelly* stay is easier to get, but does not provide any protection against
       newly exhausted claims becoming time-barred during the exhaustion process."); *Ramirez v.*
21    *People of California*, No. 2:14-cv-1016 WBS DAD P, 2014 WL 6469123, at *3, n.4 (E.D. Cal.
       Nov. 17, 2014) (E.D. Cal. 2014) ("A petitioner who proceeds under *Rhines* is better able to avoid
22    a statute of limitations problem.  However, the requirements for granting a stay under *Rhines* are
       more stringent than in *Kelly*.")  Perhaps if he had better understood the byzantine nature of
23    current federal habeas law as it has now been constructed by Congress and the courts, petitioner
       might have resisted the granting of a *Kelly* stay, filed an amended mixed petition containing both
24    his exhausted and unexhausted claims and attempted to show that he was entitled to the *Rhines*
       stay he originally requested so that his ineffective assistance of counsel claims would not become
25    time-barred while he attempted to exhaust them in state court.  On the other hand, perhaps not.
       The court notes that petitioner apparently exhausted his ineffective assistance claims in June of
26    2019, yet did not file his amended federal petition asserting those claims before this court until
27    March 30, 2020.  That post-exhaustion delay may well have proved fatal to petitioner's
       ineffective assistance of counsel claims in any event.
28

entitlements of statutory or equitable tolling permit the filing of his claims on March 30, 2020. As such, a certificate of appealability will not be issued.

Accordingly:

1.  The findings and recommendations issued on August 3, 2020 (Doc. No. 37) are adopted in full;

2.  Petitioner's three newly presented claims based on the alleged ineffective assistance of counsel are dismissed because they were not timely filed within the statute of limitations afforded by AEDPA as required for amendment after the granting of a *Kelly* stay;

3.  Petitioner may proceed in this habeas action on his other claims as originally alleged;

4.  The court declines to issue a certificate of appealability; and

5.  This action is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   __**April 14, 2021**__                                    _____
                                                                  UNITED STATES DISTRICT JUDGE

5